UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THELMA ANDERSON,

        Plaintiff,

    v.

RODERICK Q. HICKMAN, et al.,

        Defendants.
_____/

NO. CIV. S-07-1466 LKK/DAD

O R D E R

    The court is in receipt of defendants' motion to dismiss, currently set for hearing on July 11, 2008, as well as plaintiff's opposition. The court requests supplemental briefing on the two following issues:

**1. Standing as Personal Representative**

    Section 377.30 of the California Code of Civil Procedure states that a survival action "may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Civ. Proc. Code § 377.30. The first amended complaint alleges that plaintiff has petitioned the superior court to appoint her as special administrator and personal representative

1

for the decedent but that the petition is pending. First Am. Compl. ¶ 19. It would therefore appear that plaintiff's standing is contingent upon an event -- the grant of her petition -- that has not yet occurred, and in fact, may never occur, if the petition is ultimately denied. Particularly in light of that latter possibility, it would appear the case should be dismissed without prejudice, rather than stayed.

**2. Standing as Successor-in-Interest**

Plaintiff has also alleged standing as the decedent's successor-in-interest. Although section 377.30 indicates that one may commence a survival action as a successor-in-interest when there is no personal representative, a pending petition for the administration of the decedent's estate appears to truncate that right. California Code of Civil Procedure section 377.32 states that one who seeks to commence a survival action as a successor-in-interest must file an affidavit stating, among other things, that "no proceeding is now pending in California for administration of the decedent's estate." Cal. Civ. Proc. Code § 377.32.

Plaintiff argues that section 377.32 is merely a procedural requirement that is not binding in federal court. Even if the submission of an affidavit might be viewed as procedural, its content is substantive. The requirement that putative successors-in-interest be able to affirm the absence of pending probate proceedings suggests the existence of a substantive state law rule: where there is a pending probate petition, no putative successor-in-interest may commence suit. See Exarhos v. Exarhos, 159 Cal.

2

App. 4th 898, 901-902 (2008) (noting that trial court had dismissed action where plaintiff sought to commence suit as a successor-in-interest but was barred from doing so because of a pending probate proceeding).

Further, most federal courts to have confronted the issue have found that plaintiffs must satisfy the procedural requirements of section 377.32. See, e.g., Dillard v. Curtis, 2004 U.S. Dist. LEXIS 22926, at *21 (N.D. Cal. Nov. 3, 2004) ("Although Civil Procedure Code 377.32 is a rule of California (not federal) procedure, it seems to set a minimum threshold below which a person claiming to be a 'successor in interest' should not be permitted to slip."); Stephens v. Stanislaus County Sheriff, 2007 WL 963277, at *3 (E.D. Cal. Mar. 29, 2007); Robbins v. City of Hanford, 2006 WL 1716220, at *7 (E.D. Cal. Jun. 19, 2006).[1]

Plaintiff shall file a supplemental brief by June 30, 2008. Defendants may file a supplemental brief by July 3, 2008 or incorporate their response within their reply brief to the motion to dismiss. Defendants' reply brief shall be filed by July 3, 2008.

---

[1] The Ninth Circuit's language in Tatum also seems to suggest (albeit obliquely) that a successor-in-interest must comply with both the substantive requirements in section 377.30 and the procedural requirements in section 377.32. See Tatum v. City and County of San Francisco, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006) ("Where there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements of California law, which Tatum did here. See Cal. Civ. P. Code §§ 377.30, 377.32."); see also Bowoto v. Chevron Corp., 2007 WL 2349338, at *3 (N.D. Cal. Aug. 14, 2007) (interpreting Tatum to require compliance with section 377.32).

3

1    IT IS SO ORDERED.

2    DATED:   June 11, 2008.

/s/ Lawrence K. Karlton
_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT